## JOSEPH ALVES, Trustee, *vs.* MATTHEW S. BARBER.

Under Pub. Stat. R. I. cap. 237, § 12, making and recording an assignment, as provided in said chapter, within sixty days after an attachment, vacate such attachment. But the two acts, making and recording, are required although notice to the attaching creditor is unnecessary.

When a garnishee appears and is charged, such charging, unless an appeal is taken, has the effect of a judgment, and is not vacated by an assignment.

Hence, when an attachment was made August 20 by garnishment, the garnishee appeared September 4, filed his affidavit, and was then charged, the debtor assigned August 31, and the assignment was recorded September 9.

*Held*, that the garnishment, becoming a judgment before the assignment was recorded, was not affected by the assignment.

EXCEPTIONS to the Court of Common Pleas.

*Providence, May* 28, 1892. MATTESON, C. J. This is an action to recover money claimed to be due on book account. It was brought originally in the District Court of the First Judicial District, and was taken by appeal to the Court of Common Pleas. It was tried in the latter court, jury trial being waived, upon an agreed statement of facts, under a plea of the general issue, and an agreement that the defendant might under that plea offer any evidence that he could under any special plea. The material facts set forth in this statement are as follows: Albert B. Crafts and Frank W. Tillinghast, copartners as Crafts & Tillinghast, obtained a judgment in the District Court of the Third Judicial District against the plaintiff, Joseph Alves, September 20, 1889, for $75 and costs of suit, taxed at $6.85. On August 20, 1891, they brought suit on the judgment so obtained against Alves, and attached his personal estate in the hands and possession of Matthew S. Barber, the defendant in the present suit. On August 31, 1891, Alves executed a general assignment to Joshua T. Dodge for the equal benefit of all his creditors, under Pub. Stat. R. I. cap. 237, which assignment was recorded September 9, 1891. Barber, by his affidavit made August 21, 1891, and filed in the District Court September 4, 1891, disclosed that he had of the personal estate of the defendant, the present plaintiff, at the time of the service of the writ upon

him as trustee, $58.66.    On the day last named, Crafts & Til-
linghast recovered judgment against Alves for $90.85 and costs
of suit, taxed at $17.55, amounting in the whole to $108.40, and
Barber was charged as trustee for the amount disclosed in his
affidavit, stated above.    Notice of the assignment was given to
Barber on September 9, 1891, and upon that date demand was also
made upon him, both by Alves and the trustee Dodge, for the sum
disclosed in his affidavit and sued for in the present suit.

The Court of Common Pleas held that the assignment did not
dissolve the attachment, because the trustee had filed his answer,
or affidavit, and been charged as trustee in the attachment suit,
before he received actual or constructive notice of the assignment;
whereas the plaintiff contended that such attachment was dissolved
by such assignment, made and recorded in accordance with Pub.
Stat. R. I. cap. 237, § 12, and before the trustee had paid to the
attaching creditor the money or debt so attached, or had actually
applied the debt or mon y to the payment of the claim or judgment
upon which such attachment had been made.

Pub. Stat. R. I. cap. 237, § 12, provides that, " whenever the
property of any debtor hall be attached or levied upon by any
creditor, the debtor may, at any time be ore such property shall
be sold and the proceeds thereof applied to the payment of the
claim or judgment upon which such att chment or levy shall have
been made, and within sixty days af er such attachment or levy,
dissolve such attachment or levy by making and having recorded
in the records of the town or city where the assignor resides, or
where any of the real estate of s ch debtor is located, an assign-
ment of all the property and esta ce of such debtor, except so much
thereof, other than debts secured by bills of exchange or negotiable
promissory notes, as is or shall be exempted from attachment by
statutes of the State and of the United States, to some citizen of
this State, for the equal benefit of all his creditors in proportion
to their respective claims," etc.

Inasmuch as the assignment was made subsequently to the
attachment, we do not think that the fact of notice, or the want
of it, was material.    The statute provides that the debtor may
dissolve an attachment by making an assignment and having it
recorded.    The mere making of the assignment is not enough;

the recording of it is equally essential. It is necessary, therefore, both that the assignment should be made and that it should be recorded while the attachment continues in force as an attachment, in order to work its dissolution. The case shows that prior to the recording of the assignment the trustee had appeared and filed his answer in the attachment suit, and that the court, on the facts stated in his answer, had charged him to the amount of the fund disclosed as in his hands. Such charging of the garnishee was in effect a judgment of the court, which, unless appealed from, was conclusive, not only upon the liability of the garnishee, but also of the rights of the parties to the suit to the fund. *Eddy* v. *The Providence Machine Co.* 15 R. I. 7, 11. It practically divested the title of the defendant in that suit, the present plaintiff, to the money in the hands of the trustee, and transferred it to the plaintiffs, so that, in legal contemplation, it was applied to the payment of the plaintiffs' judgment against the defendant, the trustee being authorized to pay it over to the plaintiffs, and be discharged as against both plaintiffs and defendant for the amount so paid. Pub. Stat. R. I. cap. 208, § 15.[1] The attachment, therefore, when the assignment was recorded, no longer existed as an attachment, but had ripened into a judgment. The statute, though it provides a method for the dissolution of an attachment, contains no provision for vacating a judgment. The attachment, then, having passed into a judgment before the assignment was recorded, we are of the opinion that the ruling of the court below, though rested upon a reason which was immaterial, was correct.

*Exception overruled, and judgment of the Court of Common Pleas affirmed with additional costs of this court.*

*Francis B. Peckham & Christopher E. Champlin,* for plaintiff.
*Albert B. Crafts,* for defendant.

---

[1] As follows : —

SECT. 15. Any trustee, after final judgment against the defendant, may satisfy such judgment or any part thereof, to the amount of the estate attached in his hands, before any suit shall be brought against him therefor, and such payment shall avail for his discharge, as against both plaintiff and defendant, for the amount thereof.